IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY GOREE, et al.,

       Plaintiffs,

vs.                                         Civ. No. 00-1227 LH/WWD ACE

WACKENHUT CORRECTIONS CORPORATION,
et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on Plaintiffs' Motion for a Protective Order [docket no. 44] filed April 26, 2001, and Defendant Wackenhut Corrections Corporation's Motion to Compel [docket no. 49] filed May 3, 2001.

The Motion for Protective Order.

       Plaintiffs seek an order "protecting" them from having to answer interrogatories 1 through 21 which were served on Plaintiffs by Defendants on March 23, 2001.  Plaintiffs assert that they have been named as "material witnesses to the murder of Ralph Garcia"; that they have been labeled as "snitches" and segregated as possible "material witnesses" to the murder of Garcia and the stabbing of Adrian Mares; and that by responding to the interrogatories, particularly, the "contention interrogatories" they would be further endangered in the hostile, gang ridden environment of the penitentiary.  Plaintiffs rely on various provisions of the United States Constitution and the New Mexico Constitution.  Plaintiffs assert that they did not participate in either the stabbing of Adrian Mares or the murder of Ralph Garcia on August 31, 1999.  Each of

Plaintiffs' classification files indicates that each particular Plaintiffs' "life would be in danger if released in general population" in the penitentiary.

Defendant Wackenhut Corrections Corporation states that some or all of the Plaintiffs made statements to law enforcement officers indicating that they witnessed events pertaining to the murder of correctional officer Ralph Garcia, and that they would testify to those events. Apparently the Plaintiffs now either dispute that they gave interviews or claim that they were coerced into making false statements to law enforcement officers. Counsel for Wackenhut suggested a protective order which would provide reasonable restrictions on the use of the information disclosed by responding to the discovery requests; however, Plaintiffs' counsel declined to do this and sought the protective order by filing the motion here before the Court. Discovery in this cause is scheduled to be concluded by July 5, 2001.

### *Discussion*

Plaintiffs' Motion for a Protective Order goes through a number of the problems involving penitentiaries in New Mexico.  Among these is the history of inmates dealing harshly with informers or "snitches" in the system.  If Plaintiffs have been categorized as "snitches" their fears are justified; however, I do not find that the answer to the problem is to keep the Defendant Wackenhut Corrections Corporation from conducting discovery which it would normally seek in connection with such a lawsuit as Plaintiffs have filed.  The parties should submit to the Court an appropriate order which would ensure that the discovery sought to be conducted by Defendant Wackenhut Corrections Corporation would be sufficiently confidential that no one outside the lawsuit would have access to the information developed.  Unless such discovery is allowed, Wackenhut Corrections Corporation has no way to prepare its defense in this lawsuit.  If Plaintiffs wish to maintain such a lawsuit, it is almost inevitable that such discovery would be sought.

Because Plaintiffs seek a particular type of protection in this motion for protective order, I find that this particular motion should be denied. Nevertheless, before I will order that the sought discovery be made, an appropriate confidentiality order will be required.

The Motion to Compel.

When the parties have submitted to the Court an appropriate confidentiality order, I will order that the interrogatories in question, i.e., interrogatories 1-21, be answered fully and completely by each of the Plaintiffs. The confidentiality order to be submitted by the parties should include appropriate provisions as to confidentiality concerning all information developed by providing full and accurate responses to the 21 interrogatories in question. At such time as an appropriate order is entered, I will enter an order granting the instant motion to compel which shall take into account the confidentiality order which I shall enter first.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for a Protective Order [docket no. 44] which precludes discovery by Defendant Wackenhut Corrections Corporation is **DENIED**.

**IT IS FURTHER ORDERED** that on or before June 8, 2001, the parties shall confer and draft an appropriate confidentiality order and shall submit the same to the Court.

**FINALLY, IT IS ORDERED** that ruling on the Motion to Compel [docket no. 49] shall be deferred until entry of the aforementioned confidentiality order.

_____
UNITED STATES MAGISTRATE JUDGE