IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY GOREE, et al.,

      Plaintiffs,

vs.                               Civ. No. 00-1227 LH/WWD ACE

WACKENHUT CORRECTIONS CORPORATION,
et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon State Defendants' Motion for Order to Show Cause No. 1: Plaintiffs' Failure to Fully Comply with the Courts' Discovery Order (Docket #52)[1]. No response to the motion has been filed. The information sought in the present motion is material producible under the Initial Disclosures required by Fed. R. Civ. P. 26(a)(1)(A) and D.N.M..-LR Civ. 26.3. Most of the materials sought were ordered produced in my Order entered March 21, 2001. It should be noted that Plaintiffs also failed to file any response to the motion which sought the relief granted in the March 21 Order. No objections to the March 21 Order were filed by Plaintiffs.[2]

DISCUSSION.

      It is appropriate for the "State Defendants" to seek relief by way of contempt; however, in the circumstances of this case, any such hearing should be delayed for a time. Plaintiffs' counsel, Mr. Livingston, has indicated in his objections to a later Memorandum Opinion and Order of May 31, 2001

---

[1] The discovery order sought to be enforced was entered as docket entry no. 41.

[2] Plaintiffs' counsel appears to be familiar with the objection process set out in Fed. R. Civ. P. 72 since he filed "Plaintiffs' Objections to Magistrates Judge's Memorandum Opinion and Order" questioning a memorandum opinion and order entered on May 31, 2001.

-1-

that "given a reasonable time to respond, Plaintiff will answer each and every interrogatory question asked by Wackenhut, fully and completely, without objections, just as Mr. Richardson has done." Realizing the difficulty of litigating when the Plaintiffs are in the custody of the Defendants as well as the delays inherent in dealing with the governmental agencies and officials involved; and also taking into consideration the welcome attitude of cooperation expressed by Mr. Livingston with respect to supplying discovery to defendants other than the "State Defendants"; Plaintiffs should be given further opportunity to comply with the requirement of Fed. R. Civ. P. 26 as well as the orders of this Court. Plaintiffs' continued refusal to participate in the discovery process with the "State Defendants", and their continued refusal to comply with discovery orders entered by the Court require the show cause hearing sought by the State Defendants. Such a hearing could result in dismissal of Plaintiffs' claims against the State Defendants. With these considerations in mind, and allowing sufficient time for Plaintiffs' to comply with the previous orders of this Court, the applicable rules of civil procedure and our local rules, I will set a hearing on the instant motion for **FRIDAY, AUGUST 24, 2001, AT 2:00 P.M.**  At that hearing, we will determine whether Plaintiffs have complied with the discovery requirements with respect to the State Defendants; and whether, having considered the degree of compliance, any sanctions, including possible dismissal of the law suit against the State Defendants or punishment for contempt, should be imposed.

This cause shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE