FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
APR 09 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY GOREE, et al.,

Plaintiffs,

v.                                              No. CIV-00-1227 LH/WWD

WACKENHUT CORRECTIONS
CORPORATION, et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for summary judgment (Doc. #80) filed June 25, 2001, by Defendants Wackenhut Corrections Corporation, Guadalupe County Correctional Facility, Bravo, Hatch, Johnson, and Neely ("Defendants"). For the reasons below, the motion will be granted and Plaintiffs' complaint will be dismissed.

Plaintiffs' claims[1] arise from their placement for three months in a special administrative segregation unit after a disturbance at a private correctional facility operated by Defendant Wackenhut in Guadalupe County, New Mexico. Originally, the complaint alleged that Defendants falsely labeled Plaintiffs as snitches and state's witnesses regarding the disturbance. Plaintiffs were placed in the segregation unit based on the false allegations, and they claimed that Defendants' actions endangered their well-being, in violation of federal and state constitutional protections. Defendants' motion for summary judgment argues that Plaintiffs were identified as witnesses by the Guadalupe County District Attorney and state corrections officials, and they have been segregated

---

[1] By order entered October 3, 2001, the Court dismissed Plaintiffs' claims against Defendants Shanks and Perry.

for their own protection according to instructions from the state.

During briefing on Defendants' motion, a stipulation was reached at a show cause hearing on September 18, 2001, by which Plaintiffs narrowed their claims. The central allegation now is that "defendants' manner of segregating [Plaintiffs] in full view of the Guadalupe County Correctional Facility population resulted in their being labeled snitches. . . . Plaintiffs assert a violation of the First, Eighth and Fourteenth Amendments . . . and equivalent [state law]." (Tr. of H'rg Sept. 18, 2001, at 27.) In their reply brief, Defendants argue that summary judgment should be entered on Plaintiffs' claims for failure to provide any evidence in support of their claims.

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Fed.R.Civ.P. 56(c)). "The movant has the initial burden to show the absence of evidence to support the nonmovant's case. Once this burden has been met, however, the nonmoving party must go beyond the pleadings and present '"evidence sufficient to establish the existence, as a triable issue, of any essential and contested element of her case."'" *Bateman v. United Parcel Serv. Inc.*, No. 01-6136, 2002 WL 241300, at *2 (10th Cir. Feb. 20, 2002) (quoting *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999), *cert. denied*, 529 U.S. 1110 (2000)). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Jenkins v. Evergreen Nat'l Indem. Co.*, No. 01-5042, 2002 WL 234770, at *2 (10th Cir. Feb. 19, 2002) (citing *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir.1994)). "We construe the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Perry*, 199

F.3d at 1131, *quoted in Flores v. City and County of Denver*, No. 01-1185, 2002 WL 188956, at *1 (10th Cir. Feb. 7, 2002).

Sending a prisoner to an environment where prison officials know of possible danger has been held to violate the Eighth Amendment, *Blankenship v. Meachum*, 840 F.2d 741, 742 (10th Cir. 1988), regardless of motive, *Gullatte v. Potts*, 654 F.2d 1007, 1012 (5th Cir. 1981), although inadvertence or error in good faith will not sustain such a claim, *Blankenship*, 840 F.2d at 742. "[W]anton or obdurate disregard of or deliberate indifference to the prisoner's right to life as a condition of confinement is a substantive constitutional deprivation. . . ." *Harris v. Maynard*, 843 F.2d 414, 416 (10th Cir. 1988). Where a prison official intends to harm a prisoner by inciting other inmates to beat him, "it is as if the guard himself inflicted the beating as punishment." *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992). As Plaintiffs argue, the Eighth Amendment "does not require a prisoner seeking 'a remedy for unsafe conditions [to] await a tragic event [such as an] actua[l] assaul[t] before obtaining relief.' " *Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993)). The motion and record are considered under these standards.

Sworn statements attached to Defendants' brief set out the evidentiary basis of their motion. State corrections officials had identified Plaintiffs as witnesses to the August 1999 disturbance and had instructed Defendants to segregate Plaintiffs for their safety. Plaintiffs were initially placed in a separate housing unit. Because of concerns of increased risk to Plaintiffs and a need for general housing space, Plaintiffs were later placed in administrative segregation. When they were transferred to another facility Plaintiffs were kept in protective custody. These statements indicate that Plaintiffs were segregated to protect their safety and not to place them in danger. Defendants have thus met

their initial burden of "show[ing] the absence of evidence," *Bateman*, 2002 WL 241300, at *2, that Plaintiffs' segregation was intended to, or did, place them in danger.

Plaintiffs' response to Defendants' motion contains no evidence or reference to discovery materials. The Court is thus presented with nothing more than mere assertions that Plaintiffs' segregation resulted in their being labeled as snitches, much less that Defendants acted with deliberate indifference to Plaintiffs' well-being. The response thus does not "go beyond the pleadings," *Bateman*, 2002 WL 241300, at *2, and fails to provide "evidence . . . of any essential and contested element of [Plaintiffs'] case." *Perry*, 199 F.3d at 1131. "It makes no sense to infer that [Defendants] wanted [Plaintiffs] humiliated, or didn't give a fig for [their] welfare, when they acted promptly to protect [their] safety." *McGill v. Duckworth*, 944 F.2d 344, 350 (7th Cir. 1991), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994), *quoted in Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir. 2001). As in *McGill*, this Court declines to infer, without even "a scintilla of evidence in support of [their] position," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), that Plaintiffs' well-being was endangered by Defendants' conduct. Plaintiffs' Eighth Amendment claim will be dismissed.

In the parties' stipulation, Plaintiffs assert that Defendants violated their rights under the First and Fourteenth Amendments, as well as the Eighth, and under "equivalent" state constitutional provisions. Defendants' opening brief argues that Plaintiffs' claims are properly analyzed only under the Eighth Amendment. The Court of Appeals for the Tenth Circuit has ruled that Eighth Amendment endangerment claims should not be analyzed under the Due Process Clause, *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996), and the due process claim will be dismissed.

Plaintiffs' First Amendment claim is that Defendants' failure to protect them was a separate

violation of their constitutional rights as witnesses. Plaintiffs argue that, by causing them to be labeled as snitches, Defendants effectively threatened Plaintiffs in order to prevent truthful testimony. This claim fails under the same analysis applied to the Eighth Amendment claim above: in the face of Defendants' sworn statements that segregation was to protect the state's witnesses, Plaintiffs have not offered a "scintilla of evidence," *Anderson*, 477 U.S. at 252, that their segregation was for any purpose other than their protection. Plaintiffs' First Amendment claim will be dismissed. Last, for the foregoing reasons, summary judgment will also be granted on Plaintiffs' "equivalent claims under the New Mexico Constitution." Defendants' motion for summary judgment will be granted.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. #80) filed June 25, 2001, is GRANTED, Plaintiff's complaint will be DISMISSED with prejudice, and a form of judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE